UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CR-60095-LEIBOWITZ/AUGUSTIN-BIRCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERTO CARLOS JIGUAN PEREZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable David S. Leibowitz. DE 28. The Court held a hearing on June 26, 2025, to permit Defendant Gilberto Carlos Jiguan Perez to change his plea. Assistant United States Attorney Adam Love appeared on behalf of the Government. Attorney Robert Berube appeared on behalf of Defendant, who was also present.

    1.    The hearing was translated to Defendant by the Court's Spanish interpreter. Defendant indicated that he was able to understand what was being said to him throughout the hearing.

    2.    The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing. The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney assigned to the case. The Court advised that the District Judge assigned to the case will be the sentencing Judge, will schedule and conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence. The Court advised that Defendant did not have to permit the Court to conduct the hearing

to change his plea and could request that the District Judge conduct the hearing instead. Defendant, his attorney, and the Assistant United States Attorney all consented to have a United States Magistrate Judge conduct the hearing to change Defendant's plea.

3. The Court conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. There is no written plea agreement in this case. The Court read the Indictment to Defendant. Defendant stated that he understood the Indictment and wished to plead guilty.

5. Defendant pled guilty to Count 1 of the Indictment, the only Count of the Indictment, which charges him with reentry of a removed alien, in violation of 18 U.S.C. § 1326(a).

6. The Court reviewed with Defendant the statutory maximum penalties and any minimum mandatory penalties applicable to the crime to which he pled guilty. Defendant acknowledged that he understood the penalties that apply in this case. The Court also advised Defendant of the possibility of his deportation after sentencing as an additional consequence of his guilty plea. Defendant acknowledged that he and his attorney have discussed his possible deportation.

7. The parties submitted a written Factual Proffer, which was signed by Defendant, his attorney, and the Assistant United States Attorney. DE 32. The Factual Proffer was read into the record. Defendant acknowledged that he signed the Factual Proffer, understands it, and has had the opportunity to fully discuss it with his attorney. Defendant agreed that the Factual Proffer is true and correct and accurately sets forth the facts in his case as he understands them to be.

Having reviewed the Factual Proffer, the Court finds that it sets forth each of the essential elements of the crime to which Defendant pled guilty.

8. Based on the foregoing and the plea colloquy, the Court finds that Defendant entered his plea of guilty to Count 1 of the Indictment freely, knowingly, and voluntarily. The Court accepts the guilty plea.

9. The United States Probation Office will conduct an expedited sentencing memorandum and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's plea of guilty to Count 1 of the Indictment, adjudicate Defendant guilty of the crime to which he pled guilty, and conduct a sentencing hearing for final disposition of this case.

The parties have 14 days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable David S. Leibowitz. Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 30th day of June, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE